UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary L. Wise, # 285074, | ) **C/A No. 8:09-0454-HMH-BHH** |
|                     Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Henry F. Floyd, Judge;<br>Cameron M. Currie, Judge;<br>William M. Catoe, Magistrate Judge, | ) |
|                     Defendants. | ) |

### *Background of this Case*

The plaintiff is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections (SCDC).  According to information available on the South Carolina Department of Corrections website (www.doc.sc.gov), the plaintiff is serving a fifteen-year sentence for a lewd act upon a child under the age of sixteen.  His conviction was entered in the Court of General Sessions for Florence County in 2002.  The Honorable Cameron McGowan Currie is a United States District Judge.  The Honorable Henry F. Floyd is also a United States District Judge.  The Honorable William M. Catoe is a United States Magistrate Judge.  All three defendants have been assigned to handle many of the plaintiff's prior civil cases in this court.

1

The complaint reveals that this civil rights action arises out of the plaintiff's dissatisfaction with rulings made by Judge Currie, Judge Floyd, and Magistrate Judge Catoe in the plaintiff's eleven prior civil actions filed in the United States District Court for the District of South Carolina. The plaintiff contends that the three defendants have violated the judicial oath of the unified judicial system of South Carolina[1] and that they owe him (the plaintiff) a fiduciary duty. In his prayer for relief, the plaintiff seeks a declaratory judgment, a preliminary injunction, compensatory damages, punitive damages, a trial by jury, and any other relief deemed by the court to be just, proper, and equitable.

Since Judge Currie, Judge Floyd, and Magistrate Judge Catoe have been named as defendants, the above-captioned case has been assigned to the undersigned United States Magistrate Judge and to a different United States District Judge. *Pilla v. American Bar Ass'n*, 542 F.2d 56, 58 (8th Cir. 1976) ("It is axiomatic that no man should sit in judgment of his own case."). *But see Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (knowledge from prior judicial proceeding not basis for recusal).

---

[1] The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992). The United States District Court for the District of South Carolina is a *court of the United States*, and is not connected with *courts of the State of South Carolina*.

2

*Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The undersigned is treating this civil rights action as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy,

4

usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Since Judge Currie, Judge Floyd, and Magistrate Judge Catoe were acting in their official capacity when they decided the plaintiff's prior cases, they are immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges). Moreover, since Judge Currie, Judge Floyd, Magistrate Judge Catoe and Judge Norton clearly had jurisdiction over the plaintiff's civil cases under 28 U.S.C. § 636(b)(1)(B) or Local Civil Rule 73.02(B)(2)(c), it is clear that they did not act "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 349 U.S. at 356-57, *citing Bradley v. Fisher*, 80 U.S. 335, 351 (1871).[4]

---

[4]Whether a judge's actions were taken while acting in his or her judicial capacity
(continued...)

5

Indeed, the plaintiff has or has had three (3) readily available judicial remedies for any alleged errors made by Judge Currie, Judge Floyd, or Magistrate Judge Catoe: **(1)** the filing of timely written objections to a Report and Recommendation; **(2)** an appeal of a magistrate judge's order to a United States District Judge; and **(3)** an appeal of a United States District Judge's Order to the United States Court of Appeals for the Fourth Circuit. Since the plaintiff has had the aforementioned available judicial remedies, he is not entitled to a preliminary injunction. *See, e.g., WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292 (4th Cir. 2009) (reversing grant of preliminary injunction); *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980); *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-53 & n. 3 (4th Cir. 1979); *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(*per curiam*).[5]

---

(...continued)
depends on whether: *(1)* the act complained of constituted a normal judicial function; *(2)* the events occurred in the judge's chambers or in open court; *(3)* the controversy involved a case pending before the judge; and *(4)* the confrontation arose immediately out of a "visit" to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067,1070 (11th Cir. 2005).

[5]Under *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig* and the other cited cases, the four factors to be considered are: *(1)* whether plaintiff will suffer irreparable injury if interim relief is denied; *(2)* the injury to the defendant if an injunction is issued; *(3)* the public interest; and *(4)* plaintiff's likelihood of success in the underlying dispute between the parties.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *with prejudice* and without issuance and service of process.  See *Denton v. Hernandez*; *Neitzke v. Williams*; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  Since the defendants are immune from suit and the plaintiff seeks, *inter alia*, compensatory damages and punitive damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2).  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule, 28 U.S.C. § 1915(g).  It is also recommended that the plaintiff's implicit request for mediation (Entry No. 1-4) be **denied**.[6]  The plaintiff's attention is directed to the Notice on the next page.

                                                             s/Bruce Howe Hendricks
                                                             United States Magistrate Judge

March 5, 2009
Greenville, South Carolina

---

[6]The plaintiff has also submitted Standard Form 95.  This district court should not take any action with respect to the Standard Form 95 because it, though obviously frivolous, should have been submitted to the Administrative Office of United States Courts in Washington, D.C.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).