IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gary L. Wise, #285074, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:09-454-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Henry F. Floyd, Judge; Cameron McGowan ) | |
| Currie, Judge; William M. Catoe, ) | |
| Magistrate Judge, officially and in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff Gary L. Wise ("Wise"), a state prisoner proceeding pro se, alleges that the Defendants violated his constitutional rights and brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In his complaint, Wise argues that Defendants worked under a common scheme and plan to violate his constitutional rights. (Compl. ¶ 2.) In his prayer for relief, Wise seeks a declaratory judgment, a preliminary injunction, compensatory damages, punitive damages, a jury trial, and "any additional relief this court deems just, proper, and equitable." (Id. ¶¶ 16-21.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Magistrate Judge Hendricks recommends (1) dismissing Wise's complaint; (2) deeming Wise's complaint as a "strike" for the "three strikes" rule, 28 U.S.C. § 1915(g); and (3) denying Wise's implicit request for mediation. (Report & Recommendation 7.)

Wise filed objections to the Report & Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district court. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Wise's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Wise raises two specific objections. Wise objects that the magistrate judge improperly construed his claim as a Bivens claim instead of a Federal Tort Claims Act [("FTCA"), 28 U.S.C. § 1346] claim. (Objections 19.) Wise alleges that he "filed this action under the [FTCA], . . . a statute that limits federal sovereign immunity and allows recovery in federal court for tort damages caused by federal employees." (Id.) However, even if the court considers Wise's claim under the FTCA, the claim also fails.

"The only proper defendant in an FTCA action is the United States." Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). Moreover, federal judges are immune "from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967). "This immunity applies even when the judge is accused of acting maliciously and corruptly." Id. Defendants presided over civil cases brought by Wise. Wise alleges that Defendants violated his civil rights by denying him relief in those civil actions. Accordingly, in

2

presiding over his cases, Defendants were acting within their judicial jurisdiction. Based on the foregoing, Wise's FTCA claim fails because Defendants are not proper defendants under the FTCA.

Second, Wise objects to this case being deemed a strike under 28 U.S.C. § 1915(g). (Objections 24-25.) Wise contends that this case has "arguable merit in law where [he] has established constitutional violations and laws." (Id. at 25.) An action constitutes a "strike" pursuant to § 1915(g) when it is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Wise's complaint is dismissed with prejudice for frivolousness and failure to state a claim upon which relief may be granted, his complaint constitutes a "strike" pursuant to section 1915(g). As such, Wise's objection is without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that Wise's complaint, docket number 1, is dismissed with prejudice and without issuance and service of process; it is further

**ORDERED** that the above-captioned case is deemed a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 25, 2009

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.